

FILED

JUN - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Jack D Thrasher
10325 Cypresswood Drive Apt. 1027          Case No.
Houston, Tx 77070

      Plaintiff(s),          Jury Trial Demanded

  v.

United States Government          Case: 1:07-cv-01015
          Assigned To : Urbina, Ricardo M.
      Defendant.          Assign. Date : 6/5/2007
          Description: Pro Se Gen. Civil

*JURY ACTION*

## VERIFIED COMPLAINT, PETITION, AND CLAIM
## FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433,

### I
### INTRODUCTION

COME(S) NOW Jack D Thrasher , and for cause(s) of action, aver(s):

**I.**    **PARTIES**

    A.    Plaintiff(s), is/are (a) Citizen(s) of Texas.

    B.    Defendant is the UNITED STATES OF AMERICA.

### II.

### JURISDICTION

    A.    This Court has jurisdiction pursuant to:

        1.    Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747,



as amended;

### III. VENUE

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.    "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

### IV EXHAUSTION REQUIREMENT

Plaintiff has exhausted all available administrative remedies by sending a Verified Administrative Claim to the Internal Revenue Service, Area 10, Area Director Dallas, 4050 Alpha Road, 1000 MSRO, Dallas, TX 75244 , attention: Compliance Technical Support Manager, received by the IRS on July 24, 2006, Cert. Mail #70060100000048671110. More than 6 months have passed and plaintiff has not received a response. Therefore, the aforementioned Verified Administrative Claim is deemed denied. The aforementioned claim meets all requirements of the regulation[1].

### V.  ALLEGATIONS[2]

---

[1] 26USC7433(d)(b) requires that the court must determine that all administrative remedies available have been exhausted. There is no statutory requirement for the plaintiffs to exhaust all administrative remedies available before imitating this action. Pursuant to the aforementioned Verified Administrative Claim plaintiffs have exhausted all available administrative remedies and are officially barred from any further administrative appeal, review, relief and/or remedy.

[2] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. Plaintiff(s) believe that notwithstanding the filing of this suit the IRS will continue such collection action and may retaliate against plaintiff(s) for filing this suit by issuing levies, liens and other action.

Plaintiff has filed this action within two years of the discovery of sufficient facts to support a 7433 claim.

COUNT 1

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important, (hereinafter attachment 1)In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached Letters titled Important, ;

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned Attached Letters titled Important, the IRS disregarded Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached Letters titled Important,;

## COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important, . In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher , as authorized *if* a "…person shall fail to make a return required…" for the years identified on the face of the attached Letters titled Important,

COUNT 4

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher for the years identified on the face of the attached Letters titled Important,;

COUNT 5

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher for the years identified on the face of the attached Letters titled Important,;

COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher for the years

identified on the face of the attached Letters titled Important,;

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Jack Thrasher  for the years identified on the face of the attached Letters titled Important,;

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6103, subsection ©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the attached Letters titled Important,;

COUNT 9

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, *see* 42 U.S.C. § 405(c)(2)(B)(I)(I); and,

2.    applicants for/recipients of federal benefits, *see* 42 U.S.C. § 405(c)(2)(B)(I)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 10

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached Letters titled Important,;

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties

for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached Letters titled Important,;

COUNT 12

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Jack Thrasher  for the years identified on the face of the attached Letters titled Important,;

COUNT 13

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, letters the IRS disregarded Federal Tax

Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

     (1)     identification of the taxpayer;

     (2)     character of liability assessed;

     (3)     taxable period, if applicable; and,

     (4)     amount of assessment,

for the years identified on the face of the attached Letters titled Important,;

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the

years identified on the face of the attached Letters titled Important,;

COUNT 15

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached Letters titled Important,; COUNT 16

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached Letters titled Important,;

COUNT 17

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached Letters titled Important,;

COUNT 18

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded 26 U.S.C. §6404(g),

with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached Letters titled Important,;

COUNT 19

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached Letters titled Important,;

COUNT 20

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached Letters titled Important,;

COUNT 21

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached Letters titled Important,;

COUNT 22

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached Letters titled Important,;

COUNT 23

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed

solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached Letters titled Important,;

COUNT 24

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attacked Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached Letters titled Important,;

COUNT 25

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded 26 U.S.C. §6330(a),

with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached Letters titled Important,;

COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached Letters titled Important,;

COUNT 27

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the

aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached Letters titled Important,; COUNT 27

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached Letters titled Important,;

COUNT 28

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached Letters titled Important,;

COUNT 29

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached   Letters titled Important, the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached   Letters titled Important,;

COUNT 30

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached  Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or or levy and/or other agency action for the years identified on the face of the attached Letters titled Important,;

COUNT 31

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached Letters titled Important,;

COUNT 32

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important,. In connection with the issuance of the aforementioned attached Letters titled Important, the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Texas for the years identified on the face of the attached Letters titled Important,;

COUNT 33

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien (hereinafter attached 2) In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make

statements, or file returns with respect to any tax imposed in the Internal Revenue Code

for the years identified on the face of the attached Notices of Federal Tax Liens;

COUNT 34

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Federal Tax Lien. In connection with the issuance of the

aforementioned attached Notices of Lien the IRS  disregarded Federal Tax Regulation 26

CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section

7805, to implement the provisions of Internal Revenue Code section 6001 with respect to

income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the

application thereof: defendant, through principals, officers, agents, and/or employees of

Internal Revenue Service, purported to be a component of the Department of Treasury,

failed to notify Petitioner, by notice served, of the imposition of a requirement to keep

specific records, make statements, or file returns with respect to tax imposed in Subtitle

A of the Internal Revenue Code for the years identified on the face of the attached Notices

of Federal Tax Lien;

COUNT 35

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher, as authorized *if* a "…person shall fail to make a return required…" for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 36

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Federal Tax Lien the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of

Jack Thrasher for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 37

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 38

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Federal Tax

Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher  for the years identified on the face of the Attached Notices of Federal Tax Lien;

COUNT 39

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Jack Thrasher  for the years identified on the face of the Attached Notices of Federal Tax Lien;

COUNT 40

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6103, subsection ©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 41

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section

205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, *see* 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, *see* 42 U.S.C. § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

## COUNT 42

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached Notices of Federal Tax Lien;

## COUNT 43

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 44

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Jack Thrasher for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 45

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

    (1)    identification of the taxpayer;

    (2)    character of liability assessed;

    (3)    taxable period, if applicable; and,

    (4)    amount of assessment,

for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 46

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 47

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 48

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 49

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on

the face of the attached Notices of Federal Tax Lien;

COUNT 50

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 51

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 52

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 53

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 54

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 55

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 56

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached Notices of

Federal Tax Lien;

COUNT 57

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or Lien and/or other agency action for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 58

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful

hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 59

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the Attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 60

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded section

6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 61

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lien and/or other agency action for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 62

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C.

§6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lien and/or other agency action for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 63

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 64

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Texas for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 65

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent (hereinafter attached 3) In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached letters titled Urgent ;

COUNT 66

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulation 26 CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached letters titled Urgent ;

COUNT 67

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent . In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6020 ,

subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher , as authorized if a "…person shall fail to make a return required…" for the years identified on the face of the attached letters titled Urgent;

COUNT 68

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher for the years identified on the face of the attached letters titled Urgent;

COUNT 69

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned Attached Letters titled Urgent the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher for the years identified on the face of the attached letters titled Urgent;

COUNT 70

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a

component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher for the years identified on the face of the attached letters titled Urgent;

1   COUNT 71    All previous counts set forth above, are realleged and incorporated as if fully
2   set forth herein.

3       The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
4   of the attached Letters titled Urgent . In connection with the issuance of the
5   aforementioned attached Letters titled Urgent the IRS disregarded Internal Revenue Code
6   section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant,
7   through principals, officers, agents, and/or employees of Internal Revenue Service,
8   purported to be a component of the Department of Treasury, failed to execute any
9   Substitute(s) for Return(s) in the name of Jack Thrasher for the years identified on the
10  face of the attached letters titled Urgent;

11  COUNT 72

12      All previous counts set forth above, are realleged and incorporated as if fully set
13  forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned Attached Letters titled Urgent the IRS disregarded Internal Revenue Code section 6103, subsection ©, with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the attached letters titled Urgent;

COUNT 73

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, see 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, see 42 U.S.C. § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 74

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached letters titled Urgent;

COUNT 75

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for

the years identified on the face of the attached letters titled Urgent;

COUNT 76

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Jack Thrasher  for the years identified on the face of the attached letters titled Urgent;

COUNT 77

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application

thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

    (1)    identification of the taxpayer;

    (2)    character of liability assessed;

    (3)    taxable period, if applicable; and,

    (4)    amount of assessment,

for the years identified on the face of the Attached Letters titled Urgent

COUNT 78

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached letters titled Urgent;

COUNT 79

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached letters titled Urgent;

COUNT 80

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face

of the attached letters titled Urgent;

COUNT 81

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 82

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury,

by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached letters titled Urgent;

COUNT 83

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached letters titled Urgent;

COUNT 84

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached letters titled Urgent;

COUNT 85

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached letters titled Urgent;

COUNT 86

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 87

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 88

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the

aforementioned years for the years identified on the face of the attached letters titled

Urgent;

COUNT 89

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

Attached Letters titled Urgent the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees

of Internal Revenue Service, purported to be a component of the Department of Treasury,

by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing

a notice of  and/or Lenient/or other agency action for the years identified on the face of the

attached letters titled Urgent;

COUNT 90

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached letters titled Urgent;

COUNT 91

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned Attached Letters titled Urgent the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached letters titled Urgent;

Count 92.

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached letters titled Urgent;

COUNT 93

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached letters titled Urgent;

COUNT 94

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Urgent;

COUNT 95

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Urgent;

COUNT 96

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached letters titled Urgent;

COUNT 97

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached Letters titled Urgent the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing

to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Texas for the years identified on the face of the attached Final Notice;

COUNT 98

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice (hereinafter attached 4)In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached letters titled Final Notice;

COUNT 99

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS   disregarded Federal Tax

Regulation 26 CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue

Code section 7805, to implement the provisions of Internal Revenue Code section 6001

with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent

to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement

to keep specific records, make statements, or file returns with respect to tax imposed in

Subtitle A of the Internal Revenue Code for the years identified on the face of the attached

letters titled Final Notice;

COUNT 100

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice. In connection with the issuance of the

aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue

Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, failed to prepare and

subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher , as authorized *if*

a "…person shall fail to make a return required…" for the years identified on the face of the

attached letters titled Final Notice;

COUNT 101

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher for the years identified on the face of the attached letters titled Final Notice;

COUNT 102

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section

7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher for the years identified on the face of the attached letters titled Final Notice; COUNT 103

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Jack Thrasher for the years identified on the face of the attached letters titled Final Notice;

1    COUNT 104  All previous counts set forth above, are realleged and incorporated as if fully
2    set forth herein.

1         The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

2    of the attached letters titled Final Notice. In connection with the issuance of the

3    aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue

4    Code section 6020, subsection (b)(2), with intent to defeat the application thereof:

5    defendant, through principals, officers, agents, and/or employees of Internal Revenue

6    Service, purported to be a component of the Department of Treasury, failed to execute any

7    Substitute(s) for Return(s) in the name of Jack Thrasher  for the years identified on the

8    face of the attached letters titled Final Notice;

9    COUNT 105

10       All previous counts set forth above, are realleged and incorporated as if fully set

11    forth herein;

       The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice. In connection with the issuance of the

aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue

Code section 6103, subsection ©, with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, failed to disclose returns, e.g.,

Substitute(s) for Return(s), and return information to Petitioner or Petitioner's

representative upon request for the years identified on the face of the attached letters titled

Final Notice;

COUNT 106

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.      aliens, see 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.      applicants for/recipients of federal benefits, see 42 U.S.C. § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 107

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached letters titled Final Notice;

COUNT 108

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached letters titled Final Notice;

COUNT 109

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Jack Thrasher  for the years identified on the face of the attached letters titled Final Notice;

COUNT 110

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury,

failed to execute, i.e., sign record(s) of assessment, which include(s),

      (1)     identification of the taxpayer;

      (2)     character of liability assessed;

      (3)     taxable period, if applicable; and,

      (4)     amount of assessment,

for the years identified on the face of the attached Final Notice;

COUNT 111

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached letters titled Final Notice;

COUNT 112

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached letters titled Final Notice;

COUNT 113

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached letters titled Final Notice;

COUNT 114

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached letters titled Final Notice;

COUNT 115

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability

respondent says Petitioner(s) owe(s) for the years identified on the face of the attached letters titled Final Notice;

COUNT 116

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached letters titled Final Notice;

COUNT 117

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C.

§6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached letters titled Final Notice;

COUNT 118

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached letters titled Final Notice;

COUNT 119

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached letters titled Final Notice;

COUNT 120

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached letters titled Final Notice;

COUNT 121

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached letters titled Final Notice;

COUNT 122

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or Lenient/or other agency

action for the years identified on the face of the attached letters titled Final Notice; COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached Final Notice;

COUNT 123

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned Attached Letters titled Final Notice the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in

conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached letters titled Final Notice;

COUNT 124

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached letters titled Final Notice;

COUNT 125

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof:

defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached letters titled Final Notice;

COUNT 126

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Final Notice;

COUNT 127

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Final Notice;

COUNT 128

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached letters titled Final Notice;

COUNT 129

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Texas for the years identified on the face of the attached letters titled Final Notice;

COUNT 130

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters (hereinafter attachment 5)In connection with the issuance of the aforementioned attached miscellaneous collection the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached miscellaneous collection;

COUNT 131

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection. In connection with the issuance of the aforementioned Attached miscellaneous collection letters the IRS disregarded Federal Tax Regulation 26 CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached miscellaneous collection letters;

COUNT 132

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned Attached miscellaneous collection letters the IRS disregarded Internal

Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass , as authorized *if* a "…person shall fail to make a return required…" for the years identified on the face of the attached miscellaneous collection letters;

COUNT 133

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass for the years identified on the face of the Attached miscellaneous collection letters;

COUNT 134

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass  for the years identified on the face of the attached miscellaneous collection letters;

COUNT 135

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue

Code section 6020 with respect to income tax, with intent to defeat the application thereof:

defendant, through principals, officers, agents, and/or employees of Internal Revenue

Service, purported to be a component of the Department of Treasury, failed to prepare and

subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass for the years

identified on the face of the Attached miscellaneous collection letters;

COUNT 136

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached miscellaneous collection letters. In connection with the issuance of the

aforementioned attached miscellaneous collection letters the IRS disregarded Internal

Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof:

defendant, through principals, officers, agents, and/or employees of Internal Revenue

Service, purported to be a component of the Department of Treasury, failed to execute any

Substitute(s) for Return(s) in the name of Eleanor M. Glass for the years identified on the

face of the attached miscellaneous collection letters;

COUNT 137

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6103, subsection ©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the attached miscellaneous collection letters;

COUNT 138

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, *see* 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, *see* 42 U.S.C. § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 139

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned Attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached miscellaneous collection letters;

COUNT 140

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the

aforementioned Attached miscellaneous collection letters the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached miscellaneous collection letters;

COUNT 141

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned Attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Eleanor M. Glass for the years identified on the face of the attached miscellaneous collection letters;

COUNT 142

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned Attached miscellaneous collection letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

  (1)    identification of the taxpayer;

  (2)    character of liability assessed;

  (3)    taxable period, if applicable; and,

  (4)    amount of assessment,

for the years identified on the face of the Attached miscellaneous collection letters;

COUNT 143

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal

Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached miscellaneous collection letters; COUNT 144

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached miscellaneous collection letters;

COUNT 145

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached miscellaneous collection letters;

COUNT 145

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached miscellaneous collection letters;

COUNT 146

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached miscellaneous collection letters;

COUNT 147

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a

penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached miscellaneous collection letters;

COUNT 148

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached miscellaneous collection letters;

COUNT 149

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C.

§7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached miscellaneous collection letters;

COUNT 150

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached miscellaneous collection letters;

COUNT 151

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the Attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached miscellaneous collection letters;

COUNT 152

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the Attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached miscellaneous collection letters;

COUNT 153

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached miscellaneous collection letters;

COUNT 154

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury,

engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached miscellaneous collection letters;

COUNT 155

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached miscellaneous collection letters; COUNT 153

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached miscellaneous collection letters;

COUNT 156

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached miscellaneous collection letters;

COUNT 157

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned Attached miscellaneous collection letters the IRS disregarded 26 U.S.C.

§7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached miscellaneous collection letters;

COUNT 158

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached miscellaneous collection letters;

COUNT 159

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned Attached miscellaneous collection letters the IRS disregarded Internal

Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached miscellaneous collection letters;

COUNT 160

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Texas for the years identified on the face of the attached miscellaneous letters.

## IV

## REMEDY SOUGHT

1.    Plaintiff(s) seek(s) damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard or in the alternative one and one half times the statutory allowance as determined by the court; and,

2.    such other and further damages as the court deems just and proper.

Dated: _06/01/07_ , 2007

_____
Jack D Thrasher

Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Texas, personally appeared, Jack D Thrasher,  known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.



_____
Notary, State of Texas

Manuel Guevara
Notary Public
State of Texas
My Commission Expires
July 23, 2007

# ATTACHMENT

# 1

# LETTERS TITLED IMPORTANT

00711    199712 WI

**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 503
Notice Date:  03-17-2003

**SSN/EIN:**  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
**Caller ID:**  983703

JACK D THRASHER
PO BOX 879
ALTO  NM  88312-0879798



\*555464082101\*

# IMPORTANT
Immediate action is required.

We previously wrote to you about your unpaid account, but you haven't contacted us about it. Penalties and interest on the unpaid balance are continuing to increase. Please pay the amount you owe within ten days from the date of this notice. If you can't pay now, call us at the number shown below. You may be qualified for an installment agreement or payroll deduction agreement. We want to help you resolve this bill. However, if we don't hear from you, we will have no choice but to proceed with steps required to collect the amount you owe.

**If you already paid your balance in full or arranged for an installment agreement, please disregard this notice.**

**Account Summary**

| Form: 1040A | Tax Period: 12-31-1997 |
|---|---|

|  |  |
|---|---|
| **Current Balance:** | **$42,808.99** |
| Includes: |  |
| Penalty: | $0.00 |
| Interest: | $204.76 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? call us at **1-800-829-0922**

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 503
Notice Date: 03-17-2003

*write on your check:*

| 1040A | 12-31-1997 | 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 |
|---|---|---|

Amount Due:
**$42,808.99**

Internal Revenue Service
OGDEN, UT  84201-0030

JACK D THRASHER
PO BOX 879
ALTO  NM  88312-0879798

07 1015

555464082 XZ THRA 30 0 199712 670 00004280899

FILED

JUN - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

00714     199912 WI

**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 503
Notice Date:  03-17-2003

**SSN/EIN:**  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
**Caller ID:**  983703

JACK D THRASHER
PO BOX 879
ALTO  NM  88312-0879798



*555464082101*

# IMPORTANT
### Immediate action is required.

We previously wrote to you about your unpaid account, but you haven't contacted us about it. Penalties and interest on the unpaid balance are continuing to increase. Please pay the amount you owe within ten days from the date of this notice. If you can't pay now, call us at the number shown below. You may be qualified for an installment agreement or payroll deduction agreement. We want to help you resolve this bill. However, if we don't hear from you, we will have no choice but to proceed with steps required to collect the amount you owe.

**If you already paid your balance in full or arranged for an installment agreement, please disregard this notice.**

### Account Summary

| Form: 1040A | Tax Period: 12-31-1999 |
|---|---|

Current Balance:          $35,557.86
Includes:
   Penalty:                 $183.11
   Interest:                $169.19
   Last Payment:              $0.00

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? call us at **1-800-829-0922**

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 503
Notice Date: 03-17-2003

*write on your check:*

| 1040A | 12-31-1999 | 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 |
|---|---|---|

Amount Due:
       $35,557.86

Internal Revenue Service
OGDEN, UT  84201-0030

JACK D THRASHER
PO BOX 879
ALTO  NM  88312-0879798

555464082 XZ THRA 30 0 199912 670 0000355578b

00713     199812 WI

**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 503
Notice Date:  03-17-2003

**SSN/EIN:**  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
**Caller ID:**  983703

JACK D THRASHER
PO BOX 879
ALTO  NM   88312-0879798

*555464082101*

# IMPORTANT
## Immediate action is required.

We previously wrote to you about your unpaid account, but you haven't contacted us about it. Penalties and interest on the unpaid balance are continuing to increase. Please pay the amount you owe within ten days from the date of this notice. If you can't pay now, call us at the number shown below. You may be qualified for an installment agreement or payroll deduction agreement. We want to help you resolve this bill. However, if we don't hear from you, we will have no choice but to proceed with steps required to collect the amount you owe.

**If you already paid your balance in full or arranged for an installment agreement, please disregard this notice.**

### Account Summary

| Form: 1040A | Tax Period: 12-31-1998 |
|---|---|

| | |
|---|---|
| **Current Balance:** | $39,523.93 |
| Includes: | |
| Penalty: | $183.84 |
| Interest: | $188.16 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? call us at **1-800-829-0922**

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 503
Notice Date: 03-17-2003

*write on your check:*

| 1040A | 12-31-1998 | 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 |
|---|---|---|

Amount Due:
$39,523.93

Internal Revenue Service
OGDEN, UT  84201-0030

JACK D THRASHER
PO BOX 879
ALTO  NM   88312-0879798

555464082 XZ THRA 30 0 199812 670 00003952393

0712        199612 WI

**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 503
Notice Date:  03-17-2003

**SSN/EIN:**  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
**Caller ID:**  983703

JACK  D  THRASHER
PO BOX 879
ALTO  NM   88312-0879798

*555464082101*

# IMPORTANT
Immediate action is required.

We previously wrote to you about your unpaid account, but you haven't contacted us about it.  Penalties and interest on the unpaid balance are continuing to increase.  Please pay the amount you owe within ten days from the date of this notice.  If you can't pay now, call us at the number shown below.  You may be qualified for an installment agreement or payroll deduction agreement.  We want to help you resolve this bill.  However, if we don't hear from you, we will have no choice but to proceed with steps required to collect the amount you owe.

If you already paid your balance in full or arranged for an installment agreement, please disregard this notice.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1996 |
|---|---|

Current Balance:        $46,706.11
Includes:
Penalty:              $0.00
Interest:           $223.37
Last Payment:            $0.00

For information on your penalty & interest computations, you may call 1-800-829-0922

✂ Questions?  call us at **1-800-829-0922**
Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 503
Notice Date: 03-17-2003

*write on your check:*

| 1040A | 12-31-1996 | 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 |
|---|---|---|

Amount Due:
$46,706.11

Internal Revenue Service
OGDEN, UT  84201-0030

JACK  D  THRASHER
PO BOX 879
ALTO  NM   88312-0879798

555464082 XZ THRA 30 0 199612 670 00004670611

# ATTACHMENT

# 2

# LIEN

**Internal Revenue Service**
12600 West Colfax Ave.
Ste C-300, M/S 5223WO
Lakewood, CO 80215

**Department of the Treasury**

Date: June 22, 2006

**James Dana Roehrig**
as Co-Trustee of the SAM #2 TRUST
P O Box 455
Capitan, NM 88316

Person to Contact:
　Mr. Mike Pryor
IRS Telephone Number:
　303-231-5270 x229
Employee Identification Number:
　84-10124
Taxpayer Identification Number
　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

### Notice of Federal Tax Lien Filing--Nominee or Alter-Ego

You have been identified as the nominee, transferee or alter-ego for Jack D Thrasher. This letter is to inform you that we have filed a Notice of Federal Tax Lien.

You have the right to appeal this decision. We explain your rights in the enclosed Publication 1660, *Collection Appeal Rights*.

There may be other ways that we can resolve this issue. Contact the person named above for further information.

One option you have is to request a Certificate of Discharge from the Federal Tax Lien. However, before we will issue a discharge, you must pay the amount due or post a bond guaranteeing payment. The enclosed Publication 783, *Instructions on how to apply for a Certificate of Discharge From Federal Tax Lien*, provides information on how to request a certificate of discharge.

We will issue a Certificate of Release of Federal Tax Lien within 30 days after you pay the full amount due or within 30 days after we accept a bond guaranteeing payment.

Sincerely yours,

Mike Pryor
Revenue Officer

Enclosures:
Publication 1660, Collection Appeal Rights
Publication 783, Instruction on How to Apply for a Certificate of Discharge From Federal Tax Lien
Form 668(Y), Notice of Federal Tax Lien

Letter 3177 (DO) (Rev. 04-2003)
Catalog Number: 26921M

07 1015

**FILED**

JUN - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| Form 668 (Y)(c) | 1872 | Department of the Treasury - Internal Revenue Service |
|---|---|---|
| (Rev. February 2004) | | **Notice of Federal Tax Lien** |

**Area:**
SMALL BUSINESS/SELF EMPLOYED AREA #11
**Lien Unit Phone:**    (303) 446-1447

**Serial Number**
209366205

**For Optional Use by Recording Office**

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

**Name of Taxpayer**
    JACK D THRASHER

000301

**Residence**
    P O BOX 879
    ALTO, NM 88312

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | 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 | 02/10/2003 | 03/12/2013 | 46482.74 |
| 1040 | 12/31/1997 | 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 | 02/10/2003 | 03/12/2013 | 42604.23 |
| 1040 | 12/31/1998 | 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 | 02/10/2003 | 03/12/2013 | 39151.93 |
| 1040 | 12/31/1999 | 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 | 02/10/2003 | 03/12/2013 | 35205.56 |
| 1040 | 12/31/2000 | 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 | 02/10/2003 | 03/12/2013 | 29650.62 |

**Place of Filing**

COUNTY CLERK
LINCOLN COUNTY
CARRIZOZO, NM 88301

Total    193095.08

This notice was prepared and signed at _____ DENVER, CO _____ , on this,

the _14th_ day of _January_ , _2005_ .

| Signature *C Sherwood*<br>for MARVIN OTERO | **Title**<br>REVENUE OFFICER    31-10-4628<br>(505) 837-5720 |
|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 3 - Taxpayer's Copy**

CAT. NO 60025X
Form 668 (Y)(c) (Rev. 02-04)

# ATTACHMENT

# 3

# URGENT

002217    199812 WI


**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT 84201-0030

Notice Number: CP 504
Notice Date: 04-21-2003

**SSN/EIN:** 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
**Caller ID:** 983703

7178 2665 9398 1320 6092

JACK D THRASHER
PO BOX 879
ALTO  NM  88312-0879798



*555464082101*

## <u>Urgent !!</u>

### We intend to levy on certain assets.  Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1998 |
|---|---|

Current Balance:      $39,804.91
Includes:
  Penalty:      $275.76
  Interest:      $377.22
  Last Payment:      $0.00

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions?  Call us at **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notic 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 04-21-2003

*write on your check:*

| 1040A | 12-31-1998 | 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 |
|---|---|---|

Amount Due:
$39,804.91

Internal Revenue Service
OGDEN, UT  84201-0030

JACK D THRASHER
PO BOX 879
ALTO  NM  88312-0879798

07 1015

**FILED**

JUN - 5 2007

555464082 XZ THRA 30 0 199812 670 00003980491

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

002214     199912 WI

 **IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT   84201-0030

Notice Number: CP 504
Notice Date:  04-21-2003

**SSN/EIN:**  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
**Caller ID:**  983703

7178 2665 9398 1320 6030

||..u.|..u.||.||||.|.||.|.|..|..u.||.|.|.||.||..u.||||..u.|||||

JACK D THRASHER
PO BOX 879
ALTO NM   88312-0879798

*555464082101*

# <u>Urgent !!</u>

### We intend to levy on certain assets.  Please respond NOW.
#### (To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1999 |
|---|---|

| | |
|---|---|
| **Current Balance:** | **$35,819.41** |
| Includes: | |
| Penalty: | $274.66 |
| Interest: | $339.19 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions?  Call us at **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 04-21-2003

*write on your check:*

| 1040A | 12-31-1999 | 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 |
|---|---|---|

| Amount Due: |
|---|
| $35,819.41 |

Internal Revenue Service
OGDEN, UT   84201-0030

||.|.|.|.|.|.||.||...||||..u.|||..u.||.||...u.||.||

JACK D THRASHER
PO BOX 879
ALTO NM   88312-0879798

555464082 XZ THRA 30 0 199912 670 00003581941

002215     199612 WI

**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 504
Notice Date:  04-21-2003

**SSN/EIN:**  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
**Caller ID:**  983703

7178 2665 9398 1320 6054

JACK D THRASHER
PO BOX 879
ALTO  NM   88312-0879798

*555464082101*

# Urgent !!

### We intend to levy on certain assets.  Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1996 |
|---|---|

| | |
|---|---|
| Current Balance: | $46,930.57 |
| Includes: | |
| Penalty: | $0.00 |
| Interest: | $447.83 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? Call us at **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 04-21-2003

*write on your check:*

| 1040A | 12-31-1996 | 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 |
|---|---|---|

Amount Due:
$46,930.57

Internal Revenue Service
OGDEN, UT  84201-0030

JACK D THRASHER
PO BOX 879
ALTO  NM   88312-0879798

555464082 XZ THRA 30 0 199612 670 00004693057

2300    199512 WI

 **IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 504
Notice Date:  07-07-2003

**SSN/EIN:**  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
**Caller ID:**  983703

7178 2665 9398 1680 4547

JACK D THRASHER
PO BOX 879
ALTO  NM  88312-0879798



*555464082101*

# <u>Urgent !!</u>

### We intend to levy on certain assets. Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1995 |
|---|---|

Current Balance:        $156,939.68
Includes:
  Penalty:              $15,541.00
  Interest:             $46,527.28
  Last Payment:              $0.00

For information on
your penalty & interest
computations, you may
call 1-800-829-0922

Questions? Call us at  **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 07-07-2003

*write on your check:*

| 1040A | 12-31-1995 | 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 |
|---|---|---|

| Amount Due: |
|---|
| $156,939.68 |

Internal Revenue Service
OGDEN, UT  84201-0030

JACK D THRASHER
PO BOX 879
ALTO  NM  88312-0879798

555464082 XZ THRA 30 0 199512 670 0001569396B

002216    199712 WI

 **IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 504
Notice Date:  04-21-2003

**SSN/EIN:**  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
**Caller ID:**  983703

7178 2665 9398 1320 6078

—
—

llllllllllllllllllllllllllllllllllllllllllllll

JACK D THRASHER
PO BOX 879
ALTO  NM  88312-0879798

*555464082101*

# <u>Urgent !!</u>

## We intend to levy on certain assets.  Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1997 |
|---|---|

Current Balance:        $43,014.72
Includes:
  Penalty:            $0.00
  Interest:          $410.49
  Last Payment:        $0.00

For information on
your penalty & interest
computations, you may
call 1-800-829-0922

Questions?  Call us at **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 04-21-2003

*write on your check:*

| 1040A | 12-31-1997 | 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 |
|---|---|---|

Amount Due:
  $43,014.72

Internal Revenue Service
OGDEN, UT  84201-0030

llllllllllllllllllllllllllllllllllllll

JACK D THRASHER
PO BOX 879
ALTO  NM  88312-0879798

555464082 XZ THRA 30 0 199712 670 00004301472

2300    199512 WI



IRS **Department of the Treasury**
**Internal Revenue Service**
OGDEN, UT 84201-0030

Notice Number: CP 504
Notice Date: 07-07-2003

**SSN/EIN:** 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
**Caller ID:** 983703

7178 2665 9398 1680 4547

JACK D THRASHER
PO BOX 879
ALTO    NM    88312-0879798



*555464082101*

# <u>Urgent !!</u>

### We intend to levy on certain assets. Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1995 |
|---|---|

|  |  |
|---|---|
| Current Balance: | $156,939.68 |
| Includes: | |
| Penalty: | $15,541.00 |
| Interest: | $46,527.28 |
| Last Payment: | $0.00 |

For information on
your penalty & interest
computations, you may
call 1-800-829-0922

Questions? Call us at **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice
1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 07-07-2003

*write on your check:*

| 1040A | 12-31-1995 | 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 |
|---|---|---|

Amount Due:
$156,939.68

Internal Revenue Service
OGDEN, UT 84201-0030

JACK D THRASHER
PO BOX 879
ALTO    NM    88312-0879798

555464082 XZ THRA 30 0 199512 670 0001569396B

02216    199712 WI



**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT 84201-0030

Notice Number: CP 504
Notice Date: 04-21-2003

**SSN/EIN:** 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
**Caller ID:** 983703

7178 2665 9398 1320 6078

JACK D THRASHER
PO BOX 879
ALTO NM 88312-0879798

*555464082101*

# Urgent !!

## We intend to levy on certain assets. Please respond NOW.
(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1997 |
|---|---|

| | |
|---|---|
| Current Balance: | $43,014.72 |
| Includes: | |
| Penalty: | $0.00 |
| Interest: | $410.49 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? Call us at **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 04-21-2003

*write on your check:*

| 1040A | 12-31-1997 | 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 |
|---|---|---|

Amount Due:
$43,014.72

Internal Revenue Service
OGDEN, UT 84201-0030

JACK D THRASHER
PO BOX 879
ALTO NM 88312-0879798

555464082 XZ THRA 30 0 199712 670 00004301472

002215    199612 WI

 **IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 504
Notice Date:  04-21-2003

**SSN/EIN:**  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
**Caller ID:**  983703

7178 2665 9398 1320 6054

||..||..||.|||||.|||.|||.|.|..||.|.||.|||..||..|||||

JACK D THRASHER
PO BOX 879
ALTO  NM    88312-0879798

*555464082101*

# Urgent !!
## We intend to levy on certain assets.  Please respond NOW.
### (To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the
time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our
intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in
full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal
Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance
now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you
**call us immediately** at the telephone number shown below.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1996 |
|---|---|

Current Balance:          $46,930.57
Includes:
  Penalty:                    $0.00
  Interest:                  $447.83
  Last Payment:              $0.00

For information on
your penalty & interest
computations, you may
call 1-800-829-0922

Questions?  Call us at **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice
1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 04-21-2003

*write on your check:*

| 1040A | 12-31-1996 | 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 |
|---|---|---|

Amount Due:
    $46,930.57

Internal Revenue Service
OGDEN, UT   84201-0030

||.|.|.|.|.|.||||....|||||.|....||.||....|.||.|

JACK D THRASHER
PO BOX 879
ALTO   NM   88312-0879798

555464082 XZ THRA 30 0 199612 670 00004693057

002214    199912 WI


**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 504
Notice Date:  04-21-2003

**SSN/EIN:**  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
**Caller ID:**  983703

7178 2665 9398 1320 6030

||...|..||..||.||.||.||..||..||.|.|.||.||..|||..|||..||||.|

JACK D THRASHER
PO BOX 879
ALTO  NM   88312-0879798

*555464082101*

# Urgent !!

## We intend to levy on certain assets.  Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1999 |
|---|---|

Current Balance:        $35,819.41
Includes:
  Penalty:              $274.66
  Interest:             $339.19
  Last Payment:         $0.00

For information on your penalty & interest computations, you may call 1-800-829-0922

✂ Questions?  Call us at  **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 04-21-2003

*write on your check:*

| 1040A | 12-31-1999 | 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 |
|---|---|---|

| Amount Due: |
|---|
| $35,819.41 |

Internal Revenue Service
OGDEN, UT  84201-0030

||.||.|.|.|.||.||..||||..||||.|..||..||.|..||.||

JACK D THRASHER
PO BOX 879
ALTO   NM    88312-0879798

555464082 XZ THRA 30 0 199912 670 00003581941

002217    199812 WI

 **IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT 84201-0030

Notice Number: CP 504
Notice Date: 04-21-2003

**SSN/EIN:** 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
**Caller ID:** 983703

7178 2665 9398 1320 6092



JACK D THRASHER
PO BOX 879
ALTO   NM   88312-0879798

*555464082101*

# <u>Urgent !!</u>

## We intend to levy on certain assets. Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1998 |
|---|---|

| | |
|---|---|
| Current Balance: | $39,804.91 |
| Includes: | |
| Penalty: | $275.76 |
| Interest: | $377.22 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? Call us at **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 04-21-2003

*write on your check:*

| 1040A | 12-31-1998 | 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 |
|---|---|---|

| Amount Due: |
|---|
| $39,804.91 |

Internal Revenue Service
OGDEN, UT 84201-0030

JACK D THRASHER
PO BOX 879
ALTO   NM   88312-0879798

555464082 XZ THRA 30 0 199812 670 00003980491

# ATTACHMENT

# 4

# FINAL NOTICE

**Internal Revenue Service**
5338 MONTGOMERY BLVD NE
STOP: 5302ALB
ALBUQUERQUE, NM 87109

**Department of the Treasury**

**Letter Date:**
  05/09/2005
**Social Security or**
**Employer Identification Number**
  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
**IRS Employee to Contact:**
  MARVIN OTERO
**Employee Identification Number:**
  85-00651
**Contact Telephone Number:**
  (505)837-5720

CERTIFIED MAIL - RETURN RECEIPT

JACK D THRASHER
P O BOX 879
ALTO, NM 88312

**FINAL NOTICE**
**NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING**
*PLEASE RESPOND IMMEDIATELY*

Your Federal tax is still not paid. We previously asked you to pay this, but we still haven't received your payment. This letter is your notice of our intent to levy under Internal Revenue Code (IRC) Section 6331 and your right to receive Appeals consideration under IRC Section 6330.

We may file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice to your creditors that the government has a right to your current assets, including any assets you acquire after we file the lien.

If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income. We've enclosed Publication 594 with more information, Publication 1660 explaining your right to appeal, and Form 12153 to request a Collection Due Process Hearing with Appeals.

To prevent collection action, please send your full payment today. Make your check or money order payable to U.S. Treasury. Write your social security number or employer identification number on your payment. Send your payment to us in the enclosed envelope with a copy of this letter. The amount you owe is shown on the next page.

If you have recently paid this tax or you can't pay it, call us immediately at the telephone number shown at the top of this letter and let us know.

The unpaid amount from prior notices may include tax, penalties, and interest you still owe. It also includes any credits and payments we've received since we sent our last notice to you.

**Interest - Internal Revenue Code Section 6601**
We charge interest when your tax is not paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full or to the date of this notice.

**FILED**

JUN - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Page 1

Letter 1058 (DO) (rev. 6-2000)
Catalog Number: 40488S

07 1015

# ATTACHMENT

# 5

# MISCELLANEOUS COLLECTION LETTERS

Department of the Treasury
Internal Revenue Service
AUTOMATED COLLECTION SYSTEM SUPPORT
PO BOX 24017
FRESNO, CA 93779-4017

Date:
AUG. 19, 2004

Taxpayer Identifying Number:
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    N 00

Caller ID:                    278004

Contact Telephone Number:
TOLL FREE:  1-800-829-7650
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM
ASISTENCIA EN ESPANOL 1-800-829-7650

JACK D THRASHER
PO BOX 879
ALTO  NM   88312-0879798

000635

## Please Call Us About Your Overdue Taxes or Tax Returns

We have no record that you responded to our previous notices. As a result, your account has been assigned to this office for enforcement action, which could include seizing your wages or property. It's important that we hear from you within 10 days from the date of this letter.

IF YOU AREN'T ABLE TO PAY YOUR OVERDUE AMOUNT IN FULL, please call the telephone number listed above. Be ready to tell us what your monthly income and expenses are so we can help you arrange a payment plan.

IF YOU CAN FILE YOUR TAX RETURN WITH FULL PAYMENT, mail it to reach us within 10 days from the date of this letter. To help us apply your payment correctly, write your taxpayer identifying number and tax period on your check or money order and make it payable to the United States Treasury. Please send us your tax return and payment along with the enclosed return cover sheet in the envelope provided. Keep this letter for your records.

IF YOU CAN'T FILE YOUR TAX RETURN WITHIN 10 DAYS, please call us at the telephone number listed above. To help us determine if you need to file, be ready to provide us with your filing information. For an individual return, this should include your income, filing status, and total federal taxes withheld. For a business return, this should include wages paid, number of employees, and Federal Tax Deposits (FTD) made for payroll.

IF YOU WOULD LIKE SOMEONE ELSE to call us for you, we must have a signed statement from you allowing us to disclose your tax information to this person. You should make your statement on Form 2848, Power of Attorney and Declaration of Representative, which you can get from any IRS office or you can download a copy from the IRS web site (www.irs.gov). You must send us a copy of the completed form before your representative calls.

Enclosures:
Return Cover Sheet
Envelope

*Susan Meredith*

Operations Manager, Automated Collection System

*555464082103*

07 1015

**FILED**

JUN - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Letter 2050 (Rev 01-2004)(US-4)

**Internal Revenue Service**　　　　　　　　　**Department of the Treasury**

Letter Number: 3164 C (DO)

Letter Date:

November 21, 2001

Social Security Number or

Employer Identification Number:

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

For Assistance You May Call Us At:

505-624-3214 Ext. 35

Person to Contact:

Sandra Villareal

Employee Identification Number:

85-00691

Jack Thrasher
P.O. Box 879
Alto, NM 88312

Dear Mr. Thrasher:

　　We have attempted to obtain unfiled returns from you. You should already be aware of this from our previous contacts with you. Generally, our practice is to deal directly with a taxpayer or a taxpayer's duly authorized representative. However, we sometimes talk with other persons, for example when we need information that the taxpayer has been unable to provide, or to verify information we have received.

　　We are writing to tell you that we may contact other persons. If we do contact other persons we will generally need to tell them limited information, such as your name. The law prohibits us from disclosing any more information than is necessary to obtain or verify the information we are seeking. Our need to contact other persons may continue as long as there is activity on this matter.

　　If you have any questions regarding this letter or wish to request a list of contacts, please do not hesitate to contact us at the telephone number listed above.

　　　　　　　　　Sincerely,

　　　　　　　　　Sandra Villareal

　　　　　　　　　　　　　　　**Letter 3164 C(DO) (1-2000)**
　　　　　　　　　　　　　　　Cat. No. 73228G

**nternal Revenue Service**
nternal Revenue Service
338 Montgomery Blvd NE
lbuquerque, NM 87109

**Department of the Treasury**

Letter Number: **3174 (P)**

Letter Date:
January 24, 2005
Social Security or
Employer Identification Number
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

Jack D Thrasher
P O Box 879
Alto, NM  88312

IRS Employee to Contact:
Mr. Marvin A. Otero
Employee Identification Number:
85-00651
Contact Telephone Number:
(505)837-5720

---

Although we previously sent you a notice of our intention to collect your unpaid tax through enforced collection, our records show that you still have not paid the amount you owe.  Enforced collection may include placing a levy on your bank accounts, wages, receivables, commissions, etc.  It could also involve seizing and selling your property, such as real estate, vehicles, or business assets.

To prevent collection action, please pay the amount you owe, now.  Make your check or money order payable to the United States Treasury, and write your social security number or employer identification number on it.  Send your payment to us in the enclosed envelope with a copy of this letter.  **The amount you owe is shown on the next page.**

If you recently paid this or if you can't pay it, call as soon as you get this letter.  Our telephone number is at the top of this letter.  If you disagree with our taking enforcement action, you may be able to work out another solution.  Speak to the person whose name appears at the top of this letter, or ask for that person's manager.  If you do not agree with the results, you may fill out Form 9423, Collection Appeals Request, to ask for Appeals consideration.

The unpaid amount from prior notices may include tax, penalties, and interest you still owe.  It also includes credits and payments we have received since our last notice to you.

### Interest - Internal Revenue Code Section 6601

We charge interest when your tax is not paid on time.  Interest is computed from the due date of your return (regardless of extensions) until paid in full or to the date of this notice.

Interest is also charged on penalties assessed on your account.  Interest compounds daily except on underpaid estimated taxes for individuals or corporations.

### Paying Late - Internal Revenue Code Section 6651(a)(2)

We charge a penalty when your tax is not paid on time.  Initially, the penalty is ½% of the unpaid tax for each month or part of a month the tax was not paid.

If you have any questions about your account or would like a further detailed explanation of the penalty and interest charges on your account, please call me at the telephone number shown above.

Sincerely yours,

· Marvin A. Otero
Revenue Officer

Department of the Treasury
Internal Revenue Service
P O BOX 145566
CINCINNATI, OHIO 45214

Date:
JULY 21, 2003
Taxpayer Identifying Number:
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    U 00
Caller ID:                    278004
Contact Telephone Number
1-800-829-7650
MONDAY - FRIDAY:  8:00 AM - 8:00 PM

JACK D THRASHER
C/O MILTON BAXLEY
25525 STATE RD 46 STE2
MT PLYMOUTH,FL 32776

POA COPY

## Please Call Us About Your Overdue Taxes or Tax Returns

We have no record that you responded to our previous notices  As a result, your account has been assigned to this office for enforcement action, which could include seizing your wages or property  It's important that we hear from you within 10 days from the date of this letter

IF YOU AREN'T ABLE TO PAY YOUR OVERDUE AMOUNT IN FULL, please call the telephone number listed above  Be ready to tell us what your monthly income and expenses are so we can help you arrange a payment plan

IF YOU CAN FILE YOUR RETURN WITH FULL PAYMENT, mail it to reach us within 10 days from the date of this letter  IF YOU CAN'T FILE YOUR RETURN WITHIN 10 DAYS, please call one of the telephone numbers listed above  To help us determine if you need to file, be ready to provide us with your filing information  For an individual return, this should include your income, filing status, and total federal taxes withheld  For a business return, this should include wages paid, number of employees, and FTDs made for payroll.

IF YOU WOULD LIKE SOMEONE ELSE to call us for you, we must have a signed statement from you allowing us to disclose your tax information to this person  You should make your statement on Form 2848, Power of Attorney and Declaration of Representative, which you can get from any IRS office.  You must send us a copy of the completed form before your representative calls



Operations Manager, Automated Collection System

Enclosures
Copy of this letter
Envelope

*555464082103*

Letter 2050 (Rev 09-1992)(LT-16)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jack D Thrasher    88888 | United States Government |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jack D Thrasher
10325 Cypresswood Drive
Apartment 1027
Houston, Tx 77070

505-937-1150

Case: 1:07-cv-01015
Assigned To : Urbina, Ricardo M.
Assign. Date : 6/5/2007
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust

☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

### ○ E. General Civil (Other)        OR        ◉ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Verified claim for damages for unauthorized collection actions pursuant 26 USC 7433

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 06/04/07    SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

